UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ORTIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>AVENAL STATE PRISON, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-00959-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

Plaintiff Enrique Ortiz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 1, 2013. Local Rule 302.

Now pending before the Court is Plaintiff's first amended complaint filed on March 6, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On January 10, 2013, officer T. Viramontez assaulted Plaintiff in a "very harsh" and derogatory manner by bullying Plaintiff and telling him to shut the "fuck up."

On January 11, 2013, officer P. Palmer threatened to assault Plaintiff by telling him that he would make his life in prison a living hell and told him to shut the "fuck up," while officers T. Viarmontez and Marmolego observed such conduct.

On January 28, 2013, officer Marmolego used excessive force on Plaintiff by forcing his hand on Plaintiff. Plaintiff was forced to strip naked and open his butt as wide as he could and hold his penis while officer Marmolego made jokes about Plaintiff's private parts.

On January 29, 2013 officer Cole forcefully pushed Plaintiff through the door of the yard and slammed him head first into a wire glass window.

Plaintiff was interviewed by Lieutenant S. Garcia by video and he failed to properly investigate the incident.

### A.     Verbal Threats

Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Accordingly, Plaintiff's allegations that he was verbally assaulted fail to state a cognizable claim for relief.

### B.     Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Viewing Plaintiff's allegations liberally as this Court must, the Court finds that Plaintiff states a cognizable claim for excessive force against Defendant Cole.

### C.     State Law Claims

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another."  Cal. Penal Code § 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).  For an assault claim under California

3

law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. Id. (citation and quotations omitted).

Based on the same allegations relating to the use of excessive force, the Court finds that Plaintiff states a cognizable claim for assault and battery against Defendant Cole.

**D.  Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In the amended complaint, Plaintiff makes vague reference to a claim of retaliation. Plaintiff's vague and conclusory allegations do not raise an inference that any constitutionally protected conduct was the motivating factor for any specific retaliatory action. Other than conclusory assertions, without any causal link, Plaintiff has not alleged specific facts supporting a claim that any of the named Defendants retaliated against him. Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

### E. Sexual Assault

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

The Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-1197 (9th Cir. 2000). Rape or other sexual assault perpetrated by a guard against an inmate is offensive to human dignity and violates the Eighth amendment regardless of lasting physical injury. Id.  The Ninth Circuit has also held that, under limited circumstances, a bodily search involving intimate touching may inflict psychological pain sufficient to implicate the Eighth Amendment even in the absence of sexual assault.  In Jordan v. Gardner, 986 F.2d 1521, 1523-1531 (9th Cir. 1993) (en banc), the Ninth Circuit held that a prison policy requiring male guards to conduct frequent random clothed body searches of female inmates constituted cruel and unusual punishment when the policy was adopted despite the warnings of prison psychologists that the intrusive searches would severely traumatize inmates, many of whom had pre-incarceration histories of sexual abuse by men.

Based on Plaintiff's allegations, he states a cognizable Eighth Amendment claim against Defendant Marmolego regarding the strip search.

### F. Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons.

1   Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); Simmons
2   v. Navajo County, 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. County of Orange, 526 F.3d
3   1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show
4   that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or
5   otherwise discriminated against with regard to a public entity's services, programs, or activities; and
6   (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d
7   1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d
8   1259, 1265 (9th Cir. 2004).

9   　　　Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from
10  or discriminated against with regard to services, programs, or activities at ASP by reason of his
11  disability. The Court also notes that individual capacity suits against individual prison employees in
12  their personal capacities are precluded under the ADA. See, e.g., Heinke v. County of Tehama
13  Sheriff's Dept., No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013);
14  White v. Smyers, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012);
15  Mosier v. California Dept. of Corr. & Rehab., No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at
16  *8 (E.D. Cal. Jul. 3, 2012); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405,
17  at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).
18  Accordingly, Plaintiff fails to state a cognizable ADA claim.

19  　　　**G.　　Supervisory Liability**

20  　　　Plaintiff names C. Wofford, Warden at Avenal State Prison as a Defendant in this action and
21  contends that he is legally responsible for the operation and welfare of all inmates at the prison.
22  　　　Under section 1983, Plaintiff must prove that the defendants holding supervisory positions
23  personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
24  2002). There is no respondeat superior liability, and each defendant is only liable for his or her own
25  misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his
26  or her subordinates only if he or she "participated in or directed the violations, or knew of the
27  violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);
28  Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of

Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Wofford. The only basis for such a claim would be respondeat superior, which is precluded under section 1983. Accordingly, Plaintiff fails to state a cognizable claim against Warden Wofford.

### H.    Improper Joinder

As Plaintiff was advised in the Court's February 24, 2014 screening order, Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The fact that claims are premised on the same type of constitutional violation(s) (e.g. excessive force) against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in difference suits. George v. Smith, 507 F.3d at 607.

Although the Court has found that Plaintiff states a cognizable claim for excessive force, assault and battery against Defendant Cole, and a cognizable Eighth Amendment violation against Defendant Marmolego, the incidents are not related and cannot be joined in one action. Accordingly, by way of amendment or notice, Plaintiff must choose which claim(s), if any, he wishes to proceed on in this action. If Plaintiff's amended complaint or notice violates Rule 20 despite this admonition, the Court will decide which claims shall proceed and dismiss any and all unrelated claims.

///

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Cole for excessive force, and assault and battery, and separately against Defendant Marmolego for cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim of excessive force and assault and battery against Defendant Cole OR against Defendant Marmolego for an Eighth Amendment violation, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Again, Plaintiff is advised that he cannot proceed on both claims against Defendants Cole and Marmolego in this single action as they are unrelated claims. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

///

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on either the claims against Defendant Cole or Marmolego; and

///
///
///
///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **March 10, 2014**

UNITED STATES MAGISTRATE JUDGE