UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ORTIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AVENAL STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00959-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 30] |

　　　　Plaintiff Enrique Ortiz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Now pending before the Court is Plaintiff's second motion for appointment of counsel, filed July 17, 2015.  Plaintiff previously filed a motion for appointment of counsel, which was denied without prejudice on January 30, 2015.  (ECF Nos. 24, 25.)

　　　　As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Plaintiff seeks appointment of counsel because his imprisonment limits his ability to litigate this action, the issues are complex, conflicting testimony may be presented at trial, and lack of knowledge of the law.  The Court finds these reasons for requesting appointment of counsel indistinguishable from the reasons asserted by most prisoners.  Nor are the issues in this complex-the complaint alleges a succinct and straightforward claim of sexual harassment in violation of the Eighth Amendment against Defendant Marmolejo.  Thus, Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting appointment of counsel.  Accordingly, Plaintiff's request is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 20, 2015**

UNITED STATES MAGISTRATE JUDGE